UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SUN STATE OIL, INC.                                                  PLAINTIFF

V.                                                  NO. 3:18-CV-619-KHJ-FKB

SUMAN PAHWA d/b/a K&K OIL                            DEFENDANT

ORDER

Before the Court are Defendant Suman Pahwa's Motion *in Limine* [69] and Plaintiff Sun State Oil, Inc.'s ("Sun State") Motion *in Limine* [70]. For the reasons below, the Court grants in part and denies in part Pahwa's motion, and grants Sun State's motion.

I.      Background

In July 2012, Sun State entered a Petroleum Supply Agreement ("the Agreement") with Harvest Enterprises, Inc., d/b/a Harvest Station ("Harvest") to be Harvest's exclusive fuel supplier for a ten-year term. [1], ¶¶ 5-7. Defendant Pahwa is a rival fuel supplier. *Id.*, ¶¶ 10-12. Sun State alleges Pahwa knew it was Harvest's exclusive supplier. *Id.*, ¶¶ 9-10. Despite this knowledge, Pahwa provided fuel to Harvest from 2013 to 2016, as well as other entities in exclusive contracts with Sun State. *Id.*, ¶¶ 10-12.

Sun State sued Pahwa in September 2018, bringing two counts of tortious interference with contract/business relationship. [1], ¶¶ 22-33. Trial is currently set for the Court's term beginning August 16, 2021. Text-Only Order dated May 6, 2021. Both parties presented motions *in limine*.

II.     Standard

The purpose of a motion *in limine* is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Though the granting of a motion *in limine* "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the issue must be raised "outside the jury's presence." *Id.* (quoting *United States v. Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

III.     Pahwa's Motion *in Limine* [69]

Pahwa asks the Court to exclude the following: (1) witnesses, documents, testimony, or other discovery not provided or disclosed to him; (2) anything related to Pahwa's bankruptcy proceeding; (3) settlement discussions "of any kind"; and (4) any information related to punitive damages prior to the jury determination of liability and any compensatory damages. [69] at 1. The Court addresses each of these below.

    A.     Undisclosed Witnesses, Documents, Testimony, or Other Discovery

Pahwa asks the Court to exclude any witness, document, testimony, or other discovery not provided or disclosed to him as it would "stymie" his defense. [69] at 1.

Sun State objects only if such a blanket exclusion would apply to impeachment evidence that need not be disclosed under Local Uniform Civil Rule 16. [72] at 1. Sun State agrees the Court should exclude any substantive evidence not disclosed, provided the ruling applies equally to both parties. The Court agrees that the parties need not disclose impeachment evidence. It is premature to decide whether evidence is solely for impeachment at this stage. The Court grants the motion related to any undisclosed substantive evidence but denies it on undisclosed evidence used solely for impeachment.

B.   Pahwa's Bankruptcy Proceeding

Pahwa argues any reference to his bankruptcy proceeding must be excluded under Federal Rule of Evidence 402 because it is not relevant. [69] at 1-2. Sun State argues, "Pahwa filed bankruptcy in bad faith and in an attempt to frustrate Sun State's efforts to vindicate its rights in this action." [72] at 2. Sun State also claims that during that bankruptcy, Pahwa "engaged in highly unusual and improper contact with fact witnesses to influence Sun State's expert witness to try [to] get the case resolved." *Id.* at 3. It contends this supports a spoliation instruction. *Id.*

The Court does not have enough information about Pahwa's bankruptcy proceeding to exclude it. Without more, the Court denies without prejudice the motion as to the bankruptcy proceeding. Parties may reurge this matter at the appropriate time at trial outside the presence of the jury.

3

C.  Settlement Discussions

Pahwa asks the Court to exclude all settlement discussions between the parties pursuant to Federal Rule of Evidence 408. [69] at 2. Sun State responds that Rule 408 does not prohibit all uses of settlement discussions at trial. But Sun State provides no examples of how it intends to use such discussions. Rather, it merely references Pahwa's alleged bad-faith litigation in his bankruptcy proceeding and witness tampering. The Court does not consider this part of any settlement discussions between the parties. [72] at 3-5.

Because neither party points to any specific statement made or conduct that occurred during settlement discussions, the Court denies this motion as to settlement discussions without prejudice. The Court will faithfully apply Rule 408 at trial.

D.  Information Related to Punitive Damages

Pahwa asks the Court to bifurcate the punitive damages phase of the trial and exclude all evidence that pertains to punitive damages from the liability phase of trial. [69] at 2. Sun State agrees the Court should bifurcate the punitive damages phase of the trial under Miss. Code Ann. § 11-1-65 but argues some evidence related to punitive damages is relevant to liability. [72] at 5. The Court agrees that some evidence may be relevant to both phases of the trial. The Court grants in part and denies in part the motion as to this issue. The trial will be bifurcated, and the Court excludes evidence relevant only to punitive damages from the liability phase of the

4

trial. The Court does not exclude evidence relevant to both liability and punitive damages from the liability phase.

IV. Sun State's Motion *in Limine* [70]

Sun State asks the Court to exclude all "testimony, evidence or commentary about Sun State's and Pahwa's relative size, wealth, income, or financial strength (other than in the punitive damages phase of the trial)" under Federal Rule of Evidence 403. [70] at 1.

This Court has excluded under Rule 403 similar "David and Goliath" arguments about the relative size, wealth, income, and financial strength of the parties. *Rogers v. Medline Indus., Inc.*, No. 1:17-CV-118-HSO-RHW, 2019 WL 402361, at *3-4 (S.D. Miss. Jan. 31, 2019). The logic is that any relevance of the defendant's ability to pay a judgment and other expenses is "substantially outweighed by its prejudicial effect." *Id.* at *4.

Pahwa responds that Sun State's size and wealth is relevant to his defense of Sun State's tortious interference with business/contract relationship claims. [71] at 1. Specifically, he argues this evidence is relevant to whether his actions were calculated to damage Sun State's lawful business and whether his actions were done to cause economic loss without right or justifiable cause. *Id.* at 1-2. These elements go to Pahwa's intent. And Pahwa claims his "understanding of the size and business of Sun State" is relevant to his intent. [71] at 2. He reasons that if he "knew or believed Sun State was a large company, then he might very well have believed that a small delivery of fuel would not cause economic harm to such a large

5

company." *Id.* at 2. He also states that he could not have "calculated" to interfere with exclusive contracts because he never dealt with them "in his relatively small business." *Id.*

Pahwa's arguments are unavailing. First, the economic loss element does not require the intent to cause economic harm to Sun State at large, but the purpose must be to cause *any* economic loss. *McFadden v. U.S. Fid. & Guar. Co.*, 766 So. 2d 20, 23 (Miss. Ct. App. 2000) (citation omitted) (emphasis added). Second, Pahwa's size relative to Sun State does not diminish his capacity to understand the effect and purpose of an exclusive contract or his ability to "calculate" to damage Sun State. The Court finds that any relevance of Sun State's size and wealth is substantially outweighed by the risk of prejudice. Sun State's motion is therefore granted on this topic. Pahwa, however, is not precluded from discussing the size of his company.

Sun State also asks for the exclusion of "any reference by Pahwa to the type or number of attorneys Sun State can afford." *Id.* at 2. Because the number and type of attorneys Sun State employs is not relevant under Rule 401, the Court also grants Sun State's motion [70] on this topic.

V. Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS IN PART and DENIES IN PART Pahwa's Motion in Limine [69]. The Court will bifurcate the trial into liability

6

punitive phases. The Court excludes any undisclosed witness, document, testimony, or other evidence, unless used solely for the purpose of impeachment. The Court further excludes all evidence relating only to punitive damages from the liability phase of trial.

The Court further GRANTS Sun State's Motion *in Limine* [70]. The Court excludes all testimony, evidence, or commentary about Sun State's and Pahwa's relative size, wealth, income, or financial strength (other than in the punitive damages phase of the trial) as well as any reference by Pahwa to the type or number of attorneys Sun State can afford.

SO ORDERED this the 8th day of July, 2021.

*/s Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
